**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Earl Lester RICHARDSON,**
**Defendant–Appellant.**

**No. 03–1912.**

United States Court of Appeals,
Sixth Circuit.

April 30, 2004.

Barbara L. McQuade, U.S. Attorney's Office, Detroit, MI, for Plaintiff–Appellee.

Joan E. Morgan, Sylvan Lake, MI, for Defendant–Appellant.

Before KENNEDY, MARTIN, and ROGERS, Circuit Judges.

*ORDER*

Earl Lester Richardson, a federal prisoner, appeals a district court judgment upon his conviction for conspiracy to manufacture more than 100 marijuana plants in violation of 21 U.S.C. §§ 841(a)(1) and 846, and manufacturing more than 100 marijuana plants within 1000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1), 846, and 860, and 18 U.S.C. § 2(a). The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

A jury convicted Richardson on March 29, 2001, of the two counts described above. Three days earlier, the government had filed a superseding information, under 21 U.S.C. § 851, notifying the defendant that it would seek a sentence enhancement due to his prior felony drug conviction. Richardson failed to appear for sentencing but was arrested in Boston in April 2003 and was returned to Michigan. On July 1, 2003, the district court sentenced Richardson to the statutory minimum sentence of 120 months in prison, followed by 16 years of supervised release.

On appeal, Richardson argues that he was denied the effective assistance of counsel at trial.

Upon consideration, we affirm the district court's judgment because the record is insufficient to determine Richardson's ineffective assistance of counsel claim on direct appeal.

In order to establish ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that this deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Mallett v. United States,* 334 F.3d 491, 497 (6th Cir.2003), *cert. denied,* —— U.S. ——, 124 S.Ct. 1109, 157 L.Ed.2d 938 (2004). While the district court's findings of fact pertinent to this question are reviewed for clear error, the performance and prejudice components of the test are considered to be mixed questions of law and fact, and are thus subject to *de novo* review. *Strickland,* 466 U.S. at 698, 104 S.Ct. 2052.

However, when an ineffective assistance claim is brought on direct appeal, the record is usually inadequate to permit review. For that reason, ineffective assistance of counsel claims are generally not cognizable

on direct criminal appeal, but are more properly raised in a motion to vacate sentence under 28 U.S.C. § 2255. *Massaro v. United States,* 538 U.S. 500, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003); *United States v. Brown,* 332 F.3d 363, 368–69 (6th Cir.2003).

Richardson presents a number of supporting bases for his ineffective assistance of counsel claim, most of which simply cannot be adequately reviewed without the development of a record in a § 2255 proceeding. Therefore, we follow the general rule in this case and conclude that this claim is not cognizable on direct appeal.

Accordingly, the district court's judgment is affirmed.